IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81215-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| HERRON, KYLE JOSEPH, | ) | |
| DOB: 04/14/1992, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — A jury convicted Kyle Joseph Herron of violating Washington's felony drug possession statute, RCW 69.50.4013. Herron appeals his conviction, arguing that we should reverse because the trial court did not instruct the jury that it must find Herron "knew he possessed methamphetamine" and "[p]roperly construed, RCW 69.50.4013 requires proof that [he] knowingly possessed a controlled substance."

On February 25, 2021, our Supreme Court issued its decision in State v. Blake, ___ Wn.2d ___, 481 P.3d 521, 534, concluding that the strict liability drug statute, RCW 46.50.4013(1), "is void" because it "criminalize[s] innocent and passive possession" of controlled substances and "violates the due process clauses of the state and federal constitutions." A statute that the Supreme Court

Citations and pin cites are based on the Westlaw online version of the cited material.

declares facially unconstitutional is "totally inoperative." <u>City of Redmond v. Moore</u>, 151 Wn.2d 664, 669, 91 P.3d 875 (2004).

We reverse and remand to vacate Herron's conviction.

Bowman, J

WE CONCUR:

Dwyer, J.          Andrus, A.C.J.